IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 04 C 7803 |
| v. | ) | (Criminal Case No. 03 CR 743) |
| EUGENE MOORE, | ) | Judge Ronald A. Guzmán |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Eugene Moore has filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court hereby orders an evidentiary hearing for the sole purpose of determining whether and when Moore requested that his attorney file an appeal in his criminal case.

### Facts

Eugene Moore was charged in an indictment with having possessed with intent to distribute in excess of fifty grams of crack cocaine (Count One) and having distributed in excess of five grams of crack cocaine on two occasions (Counts Two and Three). On November 26, 2003, pursuant to a written plea agreement, Moore pleaded guilty to Count One of the indictment. On January 28, 2004, Moore was sentenced to be imprisoned for a term of 135 months with a five-year term of supervised release upon his release from imprisonment. Moore argues, among other things, that his sentence must be vacated due to ineffective assistance of counsel because his attorney, Heather L. Winslow, failed to file an appeal despite Moore's timely

1

request for her to do so.

## Discussion

A federal prisoner may move a district court to vacate, set aside or correct a sentence on the grounds that it was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" 28 U.S.C. § 2255. A district court is required to grant an evidentiary hearing if a § 2255 petitioner "alleges facts that, if proven would entitle him to relief." *Galbraith v. United States*, 313 F.3d 1001, 1019 (7th Cir. 2002) (quotation omitted). "[T]he district court is entitled to consider all the circumstances in the record in determining whether a hearing should be afforded." *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989) (quotation omitted).

To prevail on a claim for ineffective assistance of counsel based on a failure to file a notice of appeal, a petitioner "must satisfy the familiar test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *Kitchen v. United States*, 227 F.3d 1014, 1019 (7th Cir. 2000). Under that test, a petitioner "must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (quotations and citations omitted).

With regard to the former part of the *Strickland* test, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. With regard to the latter, the court "presum[es] prejudice with no

further showing from the defendant of the merits of his underlying claims when the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." *Id.* at 484. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.*

In his petition, Moore stated that he asked his attorney to appeal his sentence. (*See* Pet. 27.) Because the statement was not sworn under oath, the Court permitted him to provide an affidavit. In his affidavit, Moore states that on January 28, 2004, he asked his attorney, Heather L. Winslow, to appeal his sentence. (Moore Aff. ¶ 4.) Because Moore's submission has raised a factual dispute as to whether he asked his attorney to file a notice of appeal on January 28, 2004, the Court hereby orders that the petitioner and the attorney responsible for his representation appear at an evidentiary hearing.

## Conclusion

For the foregoing reasons, the Court sets an evidentiary hearing to determine whether Moore requested an appeal in criminal case number 03 CR 743. Eugene Moore, as well as Heather L. Winslow of the Federal Defender's office, who represented Moore in that case, are ordered to appear on Monday, September 17, 2007 at 10:30 a.m. The Court hereby appoints another attorney from the Federal Defender's office to represent Moore at the hearing. All attorneys of record in the 03 CR 743 case shall receive a copy of this Memorandum Opinion and Order, notice of the hearing and any scheduling changes.

**SO ORDERED**  ENTERED: 8/3/07

HON. RONALD A. GUZMAN
United States Judge